**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES of AMERICA,      )<br>                                )<br>      Plaintiff/Respondent,    )<br>                                )<br>           vs.                  )<br>                                )<br>VERNON AUSTIN,                  )<br>                                )<br>      Defendant/Movant.         )<br>_____) | No. CR 00-872 PCT RCB<br>    CIV 03-708 PCT RCB<br><br>    O R D E R |

On June 16, 2003, Movant Vernon Austin filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Am. Mot. (doc. # 63).  The Court denied that motion on the merits on January 5, 2005, but granted Austin leave to file a motion for permission to file a second amended § 2255 motion. Order (doc. # 80).  On February 17, 2005, Austin filed a motion for leave to amend (doc. # 86), which was granted in part and denied in part on July 14, 2005.  Order (doc. #90).  Austin was granted leave to file a second amended § 2255 motion, but was limited to raising only one issue-- whether his counsel was constitutionally ineffective for failing to call an expert witness at trial.  Id.

Currently pending before the Court are Austin's July 28 motion asking the Court not to limit argument to one issue (doc. # 91), and Austin's October 11 motion to compel his ex-trial counsel to provide copies of the trial transcript to him (doc. # 92).

**I. SUBJECT MATTER JURISDICTION**

As a preliminary matter, the Court now perceives that it would lack subject matter jurisdiction over any further § 2255 motions by Austin, unless such a motion was first authorized by the Court of Appeals for the Ninth Circuit.[1]  Since the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in April 1996, a prisoner may file a second or successive § 2255 motion <u>only</u> after first obtaining authorization from a panel of the appropriate court of appeals.  28. U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .").  Under these provisions, an applicant seeking to file a second or successive application under § 2255 must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  <u>See</u> §§ 2244(b)(3)(A), 2255.  If these conditions have not been met, the AEDPA requires the district court to dismiss any second or successive § 2255 motions.  <u>See</u> <u>United States v. Fisher</u>, 264 F. Supp. 2d 468, 469-70 (N.D. Tex. 2003); <u>United States v. Alvarez-Ramirez</u>, 128 F. Supp. 2d 1265, 1266-67 (C.D. Cal. 2001); <u>United States v. Wood</u>, 110 F. Supp. 2d 348, 348-49 (M.D. Pa. 2000).

Because Austin's first amended § 2255 motion was filed after

---

[1] Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, lack of subject matter jurisdiction may be raised at any time by the district court.  Fed. R. Civ. P. 12(h)(3).

the AEDPA, and was decided on the merits, the motion he now seeks to file would be deemed a successive petition. Therefore, Austin must seek permission to file, not from this Court, but from the Ninth Circuit. Unless such permission is granted by the Court of Appeals for the Ninth Circuit, the Court would remain without jurisdiction to consider a second amended § 2255 motion. Indeed, it would appear that the Court did not have jurisdiction to allow Austin leave to file a second amended § 2255 motion in its July 14 order.

Therefore, pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court's July 14 order (doc. # 90) is modified so that Austin's Motion for Leave to Amend (doc. # 86) is denied in its entirety. Furthermore, as the Court would lack jurisdiction over a second § 2255 petition, Austin's July 28 motion (doc. # 91) is denied.

**II. MOTION FOR RECONSIDERATION**

Although the Court would lack jurisdiction over a second § 2255 motion, and should therefore deny Austin's present motion on that basis, it will nevertheless discuss why Austin's present motion would be denied on the merits.

The Court would construe Austin's motion as a motion for reconsideration of the Court's July 14 order. The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions are disfavored and, absent exceptional circumstances, are generally only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the

1  initial decision was manifestly unjust; or (3) if there is an
2  intervening change in controlling law."  Id.
3      First, Austin has not raised any newly discovered evidence.
4  Instead, he argues that the trial transcript, which was not
5  previously in his possession, may "uncover facts" that he was
6  unable to recall when preparing his first amended § 2255 motion.
7  Mot. (doc. # 91) at 1.  However, this does not merit
8  reconsideration of the Court's July 14 order (doc. # 90), because
9  the trial transcript is not newly discovered evidence.  Although
10 Austin may believe that having possession of the trial transcript
11 may allow him to better articulate his claims, the Court had access
12 to the transcript and reviewed all relevant portions thoroughly
13 before resolving Austin's amended motion.  Even if Austin had a
14 copy of the trial transcript before him now, the Court would have
15 no more substantive information than it did previously.  Therefore,
16 reconsideration of the Court's July 14 order would not be warranted
17 on the basis of newly discovered evidence.
18     Second, the Court did not commit clear error when it partially
19 denied Austin's motion for leave to amend.  In order to prove that
20 the Court committed clear error, Austin must demonstrate that the
21 Court's action fell clearly outside the bounds of its authority.
22 McDowell v. Calerdon, 197 F.3d 1253, 1256 (9th Cir. 1999).  If the
23 propriety of the Court's judgment is a debatable question, there is
24 no clear error and the motion to reconsider is properly denied.
25 Id.  In the instant case, Austin sought to include in his second
26 amended § 2255 motion a claim that his trial counsel was
27 constitutionally ineffective for failing to determine whether the
28 victim had Lysol or hair spray in her system at the time of death--

an issue that was already raised in his first amended § 2255 motion. Mot. (doc. # 86) at 5; Am. Mot. (doc. # 63) at 4. That issue was fully briefed, and was decided on the merits. See Am. Mot. (doc. # 63) at 4; Resp. (doc. # 65) at 6; Order (doc. # 80). As such, the Court acted within the bounds of its authority, and there was no manifest injustice in its decision to partially deny Austin's motion for leave to amend. Indeed, the motion should have been denied in its entirety based on the AEDPA's limitations on successive petitions. Therefore, the Court did not commit clear error, and reconsideration of its July 14 order would not be warranted on that basis.

Finally, Austin's motion is not based on an intervening change in controlling law that would bear on the Court's July 14 order. Rather, Austin asks the Court to consider claims challenging the constitutionality of his sentence based on United States v. Booker, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005).[2] Mot. (doc. # 91) at 1-2. Although Booker was decided after Austin's first petition was denied, Austin failed to subsequently raise any Booker claims in his February 17 motion for leave to amend (doc. # 86). Booker, 160 L. Ed. 2d 621, 125 S. Ct. 738. Even had he done so, such a claim could not be heard on collateral review, because the Ninth Circuit has recently held that "Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final

---

[2] Austin's motion also alludes to the possibility of asserting a claim based on United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). In Ameline, however, the Ninth Circuit simply applied Booker on direct review. Id. at 1074. Ameline did not create the basis of any new claim that would be judicially cognizable on collateral review.

-5-

as of the date of Booker's publication." United States v. Cruz, No. 03-35873, 2005 U.S. App. LEXIS 19901, at *3-6 (9th Cir. Sept. 16, 2005) (citing Teague v. Lane, 489 U.S. 288 (1989)). Here, Austin's conviction became final on October 18, 2002, well before Booker was published. See Mandate (doc. # 56). As there has been no intervening change in controlling law that could form the basis of a judicially cognizable claim under 28 U.S.C. § 2255, and no other bases for reconsideration are present, Austin's July 28 motion (doc. # 91) would accordingly be denied on the merits.

**III. MOTION TO COMPEL**

It has come to the Court's attention that Assistant Federal Public Defender Jeffrey A. Williams has apparently failed to provide a copy of the trial transcript to Austin as instructed by the Court's order of July 14, 2005.[3] Mot. to Compel (doc. # 92); Order (doc. # 90). That order required Williams to file with this Court a notice of sending the trial transcript to Austin, which was to include the date such transcript was sent. More than three months have passed since the entry of that order, and no such notice has been filed. The Court takes notice of the record in this case as establishing Williams' noncompliance with its order of July 14 (doc. # 90).

Accordingly, the Court will grant Austin's motion to compel his ex-trial counsel to provide copies of the trial transcript to him. Counsel shall provide that transcript within 15 days.

---

[3] Needless to say, a copy of the trial transcript could prove beneficial to Austin should he choose to pursue this matter through the proper course by seeking the Ninth Circuit's authorization to file a second § 2255 motion.

-6-

1   IT IS ORDERED that Austin's motion that the Court not limit argument to one issue (doc. # 91) is DENIED.

   IT IS FURTHER ORDERED modifying the Court's July 14 order (doc. # 90) so that Austin's Motion for Leave to Amend (doc. # 86) is DENIED in its entirety.

   IT IS FURTHER ORDERED that Austin's motion to compel his ex-trial counsel to provide copies of the trial transcript (doc. # 92) is GRANTED.  Petitioner's ex-trial counsel, Jeffrey A. Williams, shall send a copy of the transcript of Petitioner's trial on July 19-21, 2001 to Petitioner Vernon Austin, # 18377-051, United States Penitentiary, P.O. Box 7000, Florence, Colorado 81226, within fifteen (15) days from the entry of this order.

   IT IS FURTHER ORDERED that Jeffrey A. Williams shall file with this Court a notice of sending the trial transcript to Petitioner. Such notice shall include the date such transcript was sent.

   DATED this 9th day of November, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record, pro se petitioner, and Jeffrey A. Williams, Assistant Federal Public Defender, District of Arizona, 850 W. Adams Street, Suite 201, Phoenix, Arizona 85007.