**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES of AMERICA, ) | No. CR 00-872 PCT RCB |
| Plaintiff/Respondent, ) | CIV 03-708 PCT RCB |
| vs. ) | O R D E R |
| VERNON AUSTIN, ) | |
| Defendant/Movant. ) | |

On June 16, 2003, Movant Vernon Austin filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Am. Mot. (doc. # 63). The Court denied that motion on the merits on January 5, 2005, but granted Austin leave to file a motion for permission to file a second amended § 2255 motion. Order (doc. # 80). On November 10, 2005, the Court recognized that it could not exercise jurisdiction over such a request due to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitation on successive § 2255 motions, and instructed Austin that, in order to proceed, he would be required to obtain authorization to file a second § 2255 motion from the United States

Court of Appeals for the Ninth Circuit. Id. Order (doc. # 94) at 2-3.[1] In light of that jurisdictional limitation, the Court acknowledged that Movant's earlier request for leave to file a second § 2255 motion (doc. # 86) had been improvidently granted in part, and modified its July 14, 2005 order (doc. # 90) accordingly so that the request would be denied in its entirety. Id. at 3. On November 21, 2005, Austin deposited a motion for reconsideration of the Court's November 10 order in the United States Postal Mail at the United States Penitentiary in Florence, Colorado. Mot. (doc. # 95) at 3; Houston v. Lack, 487 U.S. 266, 276 (1988) (petition by pro se prisoner is deemed filed at the moment it is delivered to prison officials for forwarding to the court clerk). On December 13, 2005, the Court denied that motion. Order (doc. # 97).

Currently pending before the Court are Austin's motion to stay the proceedings or, in the alternative, to file an untimely appeal (doc. # 98) and motion for certificate of appealability (doc. # 102). Having carefully considered the arguments raised, the Court now rules.

**I. Motion for Leave to File Untimely Appeal**

Congress has vested the courts of appeals of the United States with "jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291; see also Lauf v. E.G. Shinner & Co., 303 U.S. 323, 330 (1938) ("There can be no question of the power of Congress thus to define

---

[1] Austin filed an application for leave to file a second or successive 28 U.S.C. § 2255 motion with the United States Court of Appeals for the Ninth Circuit on January 18, 2006. The application was denied on April 19, 2006. Mot. (doc. # 102), Ex. A.

-2-

and limit the jurisdiction of the inferior courts of the United States."). The timely filing of a notice of appeal is a jurisdictional requirement for the courts of appeals. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984). In a civil case, when the United States is a party, the notice of appeal must be filed within 60 days after the date of entry of judgment in the district court. Fed. R. App. P. 4(a)(1)(B).

There are two instances in which Congress has authorized the district courts to extend the time for filing a notice of appeal that are relevant here. First, upon a showing of excusable neglect or good cause, a district court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by Rule 4(a). Fed. R. App. P. 4(a)(5). Second, upon a showing that the moving party did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry, a district court may reopen the time to file an appeal upon motion not filed later than 180 days after the judgment is entered or within 7 days after the moving party receives notice of the entry. Fed. R. App. P. 4(a)(6).

Austin's motion for leave to file an untimely appeal is based on both Rule 4(a)(5) and Rule 4(a)(6). Mot. (doc. # 98). As explained below, neither option provides the Court authority to allow Austin to file an untimely notice of appeal.

**A. Motion for Extension of Time**

Under Rule 4(a)(5), the district court may extend the time for filing a notice of appeal if two requirements are met: (1) the motion for the extension of time is filed no later than 30 days

after the expiration of the original appeal period and (2) the moving party makes a sufficient showing of excusable neglect or good cause for not meeting the original deadline. Fed. R. App. P. 4(a)(5). The Ninth Circuit has stated that "[t]he requirement that motions for extension be filed within thirty days of the original deadline is mandatory and jurisdictional." Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir. 1986). Unlike statutes of limitation, jurisdictional filing deadlines are not subject to equitable tolling. See Houston v. Lack, 487 U.S. 266, 281 (1988); Oh v. Gonzales, 406 F.3d 611, 613 (9th Cir. 2005).

The original judgment disposing of this action was entered on January 5, 2005. Judgment (doc. # 81). Thus, Austin would have had until March 5, 2005 to file his notice of appeal, and until April 5, 2005 to file his motion for extension of time. Fed. R. App. P. 4(a)(1)(B), 4(a)(5). However, he did not submit his motion to file an untimely appeal until January 3, 2006. Mot. (doc. # 98). Because Austin failed to meet the jurisdictional filing deadline, the Court is not authorized to grant Austin an extension of time under Rule 4(a)(5).

Austin's motion was timely filed with respect to the orders addressing the AEDPA's bar on successive § 2255 motions[2] (doc. ## 94, 97), but fails to make the required showing of excusable neglect or good cause for not meeting the original deadline for filing a notice of appeal. Austin's motion states, in relevant

---

[2] The Court first alerted Austin to the AEDPA's bar on successive § 2255 motions in its order entered on November 10, 2005. Order (doc. # 94). Austin filed his motion for extension of time on January 3, 2006, well within the original 60-day period for filing a notice of appeal as to that order. Mot. (doc. # 98).

-4-

part, as follows:

> Mr. Austin understands that an application with the court of appeals for a second, or successive motion/petition under 28 U.S.C. § 2255 is not appealable, and now moves in the foregoing petition/motion requesting to <u>stay the proceedings</u>, and or <u>Toll</u> [sic] <u>the time in which to submit an appeal until such time</u> [sic] <u>the court of appeals renders a decision regarding his application for a second or successive § 2255</u> [sic].
>
> . . . .
>
> . . . Mr. Austin, [sic] would be deprived of a fair opportunity to appeal the denial of his 28 U.S.C. § 2255 motion/petition if he pursue [sic] the ordered application with the court of appeals if this court does not permit and or grant a stay of the proceedings in this matter.

Mot. (doc. # 98) at 2.  Although Austin is correct that the denial by the court of appeals of an application to file a second or successive § 2255 motion is not appealable, see 28 U.S.C. § 2244(b)(3)(E), this does not explain how he would be limited in his ability to appeal either the Court's November 10 and December 13 orders (doc. ## 94, 97) or, for that matter, the denial of his amended § 2255 motion (doc. ## 80-81).  Because Austin's motion does not make a sufficient showing of excusable neglect or good cause to extend the time to file a notice of appeal with respect to the orders entered on November 10 and December 13, 2005 (doc. ## 94, 97), and is untimely with respect to the original judgment and order entered on January 5, 2005 (doc. ## 80-81), the Court cannot grant an extension under Rule 4(a)(5).  Accordingly, Austin's motion for extension of time (doc. # 98) will be denied.

**B. Reopening the Time to File an Appeal**

Under Rule 4(a)(6), the district court may reopen the time for

filing a notice of appeal if three requirements are met: (1) the moving party did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry, (2) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

There is no indication that Austin failed to receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or orders he now seeks to appeal (doc. ## 80-81, 94, 97) within 21 days after entry. Indeed, the history of Austin's filings responding to those orders strongly suggests that timely notice was received in every instance. Austin's motion to reopen the time to file an appeal (doc. # 98) will therefore be denied.

**C. Unique Circumstances**

Finally, the Court construes Austin's motion as a request for relief under the Supreme Court's "unique circumstances" exception to the filing of a timely notice of appeal.[3]

The Supreme Court has held that, under certain unique circumstances, an appellate court may have jurisdiction to hear an appeal that was not filed within the prescribed time limits. Wolfsohn v. Hankin, 376 U.S. 203 (1964); Thompson v. INS, 375 U.S. 384 (1964); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962); accord Socop-Gonzalez v. INS, 272 F.3d 1176,

---

[3] Although Austin's motion does not expressly invoke this exception, the Court recognizes that pro se pleadings are liberally construed so that it is generally unnecessary for a pro se litigant to cite case law. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

1188 (9th Cir. 2001) (en banc) ("If a time limit is jurisdictional, it is not subject to the defenses of waiver, equitable tolling, or equitable estoppel, although there may still be exceptions based on unique circumstances."); Hernandez-Rivera v. INS, 630 F.2d 1352, 1354-55 (9th Cir. 1980) (discussing how Thompson and Harris Truck Lines extended time for appeal under former Fed. R. Civ. P. 73(a), predecessor of Fed. R. App. P. 4(a)).

The Supreme Court has since limited the unique circumstances exception to those situations where "a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989); accord Lobatz v. U.S. W. Cellular of Cal., Inc., 222 F.3d 1142, 1145 (9th Cir. 2000). In the wake of Osterneck, the Ninth Circuit has strictly limited the unique circumstances exception, holding that even "[a]mbiguous or implicitly misleading conduct by courts does not release litigants from their appeal deadlines. If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification." Theodore v. Daglas (In re D.W.G.K. Rest.), 42 F.3d 568, 570 (9th Cir. 1994) (quoting In re Slimick, 928 F.2d 304, 310 (9th Cir. 1990)).

This is not a case in which the Court has given any specific assurances that Austin has performed an act, which if properly done, would postpone the deadline for filing his notice of appeal. The Court has not previously granted Austin an extension of time to file a notice of appeal with which he subsequently complied, see Harris Truck Lines, Inc., 371 U.S. at 217, or given any specific

-7-

assurance that he has timely and properly filed a motion enumerated in Federal Rule of Appellate Procedure 4(a)(5) that would extend the time to file his notice of appeal, see Thompson, 375 U.S. at 386-87 (motion to reconsider), Wolfson v. Hankin, 321 F.2d 393 (D.C. Cir. 1963) (motion for rehearing).

It is possible that, prior to the Court's November 10 order (doc. # 94) alerting him to the AEDPA's bar on successive § 2255 motions, Austin did not understand that his amended § 2255 motion had been entirely disposed of by the Court's January 5 order (doc. # 80). Cf. Order (doc. # 80) at 2 ("[T]he Court's resolution of the R&R will not be case dispositive."). However, the Court's January 5 order stated that the amended § 2255 motion had been "denied and dismissed with prejudice." Id. at 6. The judgment that followed (doc. # 81) likewise reflected the case dispositive nature of the order by terminating Austin's case. Should there have been any perceived ambiguity as to the finality of the Court's denial and dismissal of the amended § 2255 motion and the deadline to appeal that decision, the burden was on Austin to seek clarification. See Theodore, 42 F.3d at 570. Therefore, the Court cannot extend the time for Austin to file a notice of appeal under the doctrine of unique circumstances as interpreted by the Ninth Circuit. Austin's motion for leave to file an untimely appeal (doc. # 98) will be denied.

**II.  MOTION FOR CERTIFICATE OF APPEALABILITY**

Although the untimeliness of Austin's appeal would render his pending motion for a certificate of appealability (doc. # 102) moot, the Court will nevertheless discuss why that motion would be denied on the merits.

Before a movant can appeal the denial of a § 2255 motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

In his amended § 2255 motion, Austin alleged that trial counsel was deficient for failing to (1) introduce evidence of the victim and Austin drinking Lysol and hair spray, which resulted in difficulties breathing, (2) check DNA samples for Lysol and hair spray, (3) cross-examine the victim's sister about the victim and Austin drinking Lysol and hair spray, and (4) present evidence of Austin's relationship with, and love for, the victim. Mot. (doc. # 63) at 4-5. A meritorious claim of ineffective assistance requires the movant to demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001). In reviewing counsel's performance, the Court "strongly presume[s] that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1989) (citing Strickland, 466 U.S. at 689). To establish prejudice, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." <u>Strickland</u>, 466 U.S. at 694.

As explained in the Court's January 5 order denying the amended § 2255 motion, much of Austin's ineffective assistance claims failed to satisfy the first prong of the <u>Strickland</u> test. Austin's trial counsel did introduce evidence of the victim and Austin drinking hair spray, he cross-examined the victim's sister regarding the same, and he presented evidence of Austin's close relationship with the victim. <u>See</u> Order (doc. # 80) at 3-5. In addition, the fact that Austin was not charged until more than one year after the victim's death demonstrates that counsel's decision not to check DNA samples could be explained by a reasonable belief that any such test would be futile. <u>Id.</u> at 5.

Even if counsel's performance could be regarded as objectively unreasonable, the Court explained that Austin could still not satisfy the second prong of <u>Strickland</u> by showing that his defense was prejudiced as a result. The government's expert testified regarding physical signs of strangulation, and noted that the condition of the victim's body was not consistent with death caused by internal trauma from the ingestion of Lysol or hair spray. <u>Id.</u> at 5-6. Accordingly, the Court finds that Austin has not presented a claim of denial of the federal right to the effective assistance of counsel that would be debatable among jurists of reason. <u>See</u> <u>Morrison v. Mahoney</u>, 399 F.3d 1042, 1047 (9th Cir. 2005).

Finally, Austin concedes that he "understands that a second motion to amend is not permissible under provisions that are set forth in the AEDPA." Mot. (doc. # 98) at 2. The motion for certificate of appealability would therefore be denied on the merits.

**IT IS THEREFORE ORDERED** that Austin's motion for leave to file an untimely appeal (doc. # 98) is DENIED.

IT IS FURTHER ORDERED that Austin's motion for certificate of appealability is DENIED and dismissed as moot (doc. # 102).

DATED this 22nd day of May, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and pro se movant.