**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VERNON AUSTIN,<br><br>    Appellant/Petitioner,<br><br>        vs.<br><br>UNITED STATES of AMERICA,<br><br>    Appellee/Respondent. | 9th Cir. No. 06-16005<br><br>D. Ariz. No. CIV 03-708 PCT RCB<br>D. Ariz. No. CR 00-872 PCT RCB<br><br>NOTICE AND PROPOSED ORDER<br><br>**SUBJECT TO LEAVE OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |

    In the matter currently before the Court of Appeals, Appellant/Petitioner Vernon Austin appeals (1) this court's order and judgment of January 5, 2005 (doc. ## 80-81) denying and dismissing his First Amended § 2255 Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 63), and (2) this court's order of December 13, 2005 (doc. # 97) denying Appellant's motion for reconsideration (doc. # 95) of its earlier finding that it would lack jurisdiction over his proposed amended § 2255 motion due to the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") bar on successive petitions, 28 U.S.C. §§ 2244(b)(3)(A), 2255.  A review of the record has revealed an error

of oversight in the order and judgment (doc. ## 80-81) that are the subject of the appeal now pending. Accordingly, this court proposes an order to correct the error pursuant to Federal Rule of Civil Procedure 60(a), subject to leave of the United States Court of Appeals for the Ninth Circuit.

**I.  BACKGROUND**

On June 16, 2003, Appellant filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. # 63) raising a claim of ineffective assistance of counsel. The Government filed its response in opposition to the amended motion on September 8, 2003 (doc. # 65).

After the Government filed its response, Appellant sought twice to have his amended motion dismissed without prejudice so that he could file a second amended § 2255 motion raising an additional claim of ineffective assistance of counsel. Mot. (doc. ## 66, 68). While these requests should have been resolved pursuant to Federal Rule of Civil Procedure 41(a)(1), the magistrate judge construed these motions (doc. ## 66, 68) as requests for entry of default judgment pursuant to Federal Rule of Civil Procedure 55, and denied them on that basis (doc. ## 67, 69). The magistrate judge then issued a report and recommendation ("R&R") (doc. # 71) recommending that the amended motion (doc. # 63) be denied in its entirety, and Appellant filed timely objections (doc. # 72).

In its order entered January 5, 2005 (doc. # 80) ruling upon Appellant's first amended § 2255 motion (doc. # 63), this court also addressed Appellant's motion to amend (doc. # 78) as well as a petition requesting copies of certain documents relating to

Appellant's trial and sentencing (doc. # 77).  In denying these requests (doc. ## 77-78) this court stated:

> Movant's motion to stay essentially requests the Court to refrain from addressing the pending R&R and instead allow Movant to amend his § 2255 motion.  Mot. (doc. # 78). Since Movant's pending motion has already been responded to by the government and the Magistrate has issued an R&R, the Court will deny Movant's motion for a stay and resolve the pending § 2255 motion on the merits.  However, <u>the Court's resolution of the R&R will not be case dispositive</u>.  <u>Movant may file a motion to amend his § 2255 motion within ten (10) days of the receipt of this order.  This will give Movant the opportunity to assert any claims he has which were not included in his first amended § 2255 motion, subject to any and all defenses.</u>
>
> . . . Usually there would be no reason to provide the documents sought at this stage in the proceeding.  Nevertheless, because <u>Movant will have an opportunity to file a motion to amend his § 2255 motion</u>, the Court will reserve ruling on Movant's motion requesting documents until it resolves the issue of whether Movant will be permitted to file a second amended § 2255 motion.

Order (doc. # 80) at 1-2 (emphasis added).  Consistent with those expectations, this court's order expressly granted Appellant an opportunity to file a motion to amend his § 2255 motion.  Id. However, rather than dismiss Appellant's first amended § 2255 motion (doc. # 63) without prejudice as intended, the order language indicated that the dismissal was with prejudice.  Id.  As a result of that language, final judgment (doc. # 81) was prepared by the clerk and entered the same day, terminating the case.

Thereafter, this court sua sponte raised the issue of subject matter jurisdiction, and determined that it had improvidently granted Appellant leave to file a second amended § 2255 motion in light of the AEDPA's bar on successive petitions.  Orders (doc. ##

-3-

94, 97). Appellant then filed an application for leave to file a second or successive § 2255 motion with the Court of Appeals on January 18, 2006. The application was denied on April 19, 2006. Mot. (doc. # 102), Ex. A.

This court now finds that the inclusion of the "with prejudice" language in the order and judgment of January 5, 2005 (doc. ## 80-81) was the result of an error arising from oversight. At the time the order and judgment in question were entered, this court intended for the dismissal to be without prejudice, and to rule only on the ineffective assistance claim asserted in the first amended § 2255 motion (doc. # 63) while allowing Appellant an opportunity to file a second amended § 2255 motion to raise the ineffective assistance claim he had sought to introduce three times earlier (doc. ## 66, 68, 78). Although a district court may ordinarily correct such an error "at any time of its own initiative," this court understands that it is without jurisdiction to correct a mistake during the pendency of an appeal without first obtaining leave of the Court of Appeals.[1]  See Fed. R. Civ. P.

---

[1]   Federal Rule of Civil Procedure 60(a) provides as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, <u>and thereafter while the appeal is pending may be so corrected with leave of the appellate court</u>.

Fed. R. Civ. P. 60(a) (emphasis added).

-4-

60(a); see also Huey v. Teledyne, Inc., 608 F.2d 1234, 1237 (9th Cir. 1979) (holding that Rule 60(a) corrective order entered after docketing of appeal was "technically invalid," because district judge did not seek leave of the appellate court).

This court therefore requests leave of the Court of Appeals to correct the order of January 5, 2005 (doc. # 80) and vacate the judgment (doc. # 81) entered the same day.  Subject to the granting of such leave, the final sentence of the order, which currently states that "Movant Austin's Amended Motion to Vacate, Set Aside, or Correct Sentence (doc. # 63) is DENIED and dismissed with prejudice," see Order (doc. # 80) at 6, would be corrected to state that "Movant Austin's Amended Motion to Vacate, Set Aside, or Correct Sentence (doc. # 63) is DENIED without prejudice subject to Movant Austin's opportunity to file a second amended § 2255 motion," and the judgment (doc. # 81) would be vacated accordingly.

If leave is granted to make these changes, this court would also be inclined to reconsider its orders of November 10 and December 13, 2005 (doc. ## 94, 97), which essentially concluded that this court had improvidently granted Appellant leave to file a second amended § 2255 motion in light of the AEDPA's bar on successive petitions.[2]

**II.  DISCUSSION**

A district judge may utilize Rule 60(a) to "'to make an order

---

[2] Since the docketing of the appeal Appellant has filed, among other motions, a motion for reconsideration (doc. # 110) of this court's orders of November 10 and December 13, 2005 (doc. ## 94, 97). Because this matter is currently pending on appeal, this court will not act on these motions at this time without authorization from the Court of Appeals.

reflect the actual intentions of the court, plus necessary implications.'" In re Jee, 799 F.2d 532, 535 (9th Cir. 1986) (quoting Jones & Guerrero Co. v. Sealift Pac., 650 F.2d 1072, 1074 (9th Cir. 1981)).  Rule 60(a) allows the correction of errors such as those "where what is spoken, written or recorded is not what the court intended to speak, write or record."  Id. (citing Waggoner v. R. McGray, Inc., 743 F.2d 643, 644 (9th Cir. 1984)).  Such errors may be corrected whether committed by the judge or the clerk.  See id.  A change under Rule 60(a) is appropriate where it implements the result intended by the district court at the time the order was entered.  See Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990) (upholding district court's Rule 60(a) corrective order as an appropriate clarification of the result "intended in its original judgment").

  In the instant case, the written opinion of January 5, 2005 (doc. # 80) reflects this court's intention at that time to dismiss Appellant's first amended § 2255 motion (doc. # 63) without prejudice subject to his opportunity to file a second amended § 2255 motion.  In denying Appellant's motion to amend (doc. # 78), the opinion notes that "the resolution of the R&R will not be case dispositive," and expressly contemplates Appellant's right to file an amended § 2255 motion.  Order (doc. # 80) at 1-2.  Similarly, in denying Appellant's request for documents (doc. # 77), the opinion again references Appellant's "opportunity to file a motion to amend his § 2255 motion."  Id. at 2.  Finally, the order language specifically grants "Movant Vernon Austin . . . ten (10) days from receipt of th[e] order to file a motion to amend his § 2255 motion," further demonstrating this court's intention to dismiss

Appellant's first amended § 2255 motion (doc. # 63) without prejudice at the time the order was entered on January 5, 2005. Id. at 6.  For the foregoing reasons, this court finds that the language indicating dismissal "with prejudice" was inadvertently included in its order (doc. # 80) as a result of oversight, is inconsistent with the remainder of the written opinion and order, and does not reflect this court's intention at that time to dismiss the case without prejudice subject to Appellant's opportunity to file a second amended § 2255 motion.

Accordingly, this court seeks leave of the Court of Appeals to correct the order of January 5, 2005 (doc. # 80) and vacate the judgment entered the same day (doc. # 81) pursuant to Rule 60(a) to reflect that Appellant's first amended § 2255 motion (doc. # 63) was dismissed without prejudice.  Subject to the granting of such leave, the final sentence of the court's order, which currently states that "Movant Austin's Amended Motion to Vacate, Set Aside, or Correct Sentence (doc. # 63) is DENIED and dismissed with prejudice," see Order (doc. # 80) at 6, would be corrected to state that "Movant Austin's Amended Motion to Vacate, Set Aside, or Correct Sentence (doc. # 63) is DENIED without prejudice subject to Movant Austin's opportunity to file a second amended § 2255 motion," and the judgment (doc. # 81) would be vacated accordingly.

If leave is granted to make these changes, this court would also reconsider its orders of November 10 and December 13, 2005 (doc. ## 94, 97), which essentially concluded that this court had improvidently granted Appellant leave to file a second amended § 2255 motion in light of the AEDPA's bar on successive petitions.

Because the AEDPA does not define what constitutes a "second

or successive" petition, the Supreme Court and the Ninth Circuit have turned to pre-AEDPA "abuse of the writ" jurisprudence for guidance. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); Esposito v. United States, 135 F.3d 111, 113. (9th Cir. 1997). One category of cases in which courts have found no "abuse of the writ" are those where a federal court denied an earlier petition without prejudice. Camarano v. Irvin, 98 F.3d 44, 46 (9th Cir. 1996).

> [A]lthough Congress plainly intended the AEDPA amendments to work significant procedural changes in habeas corpus review, nothing in the legislative history of the AEDPA or the Supreme Court's Felker decision upholding the AEDPA's successive petition provisions "suggests that Congress wished to depart from the longstanding and widely accepted rule" that the dismissal of a petition without prejudice is no bar to refiling.

Esposito, 135 F.3d at 113 (quoting Camarano, 98 F.3d at 46). Thus, it has frequently been held that a federal habeas petition is not a second or successive petition if it is filed after an initial habeas petition, which was unadjudicated on its merits and dismissed without prejudice for failure to exhaust state remedies. See Slack, 529 U.S. at 485-86; Camarano, 98 F.3d at 46.

Although in the instant case the ineffective assistance claim raised in Appellant's first amended § 2255 motion (doc. # 63) was adjudicated on the merits, this court would find that the dismissal of that motion without prejudice and with express leave to file a second amended § 2255 motion would not trigger the AEDPA's bar on successive petitions with respect to any new claims raised on the second amended § 2255 motion. Cf. Camarano, 98 F.3d at 46-47 ("Inasmuch as the [AEDPA's] new gatekeeping provisions are rooted in the writ abuse doctrine which is itself a qualified application

of the doctrine of res judicata, . . . a dismissal without prejudice can have no preclusive effect on subsequent petitions.") (internal quotations and citations omitted).

Therefore, if leave is granted to make the above described corrections to the January 5, 2005 order and judgment (doc. ## 80-81), and the matter remanded to confer jurisdiction upon this court to act upon Appellant's post-appeal motions in the district court, this court would be inclined to grant Appellant's motion for reconsideration (doc. # 110). This court would conclude that, by dismissing Appellant's first amended § 2255 motion (doc. # 63) without prejudice subject to his right to file a second amended § 2255 motion, the latter motion would not constitute a second or successive petition for purposes of the AEDPA.

DATED this 12th day of July, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record, Appellant/Petitioner pro se, and the Clerk of the Court for the Ninth Circuit Court of Appeals.